C. M. BURNS v. T. R. TOMLINSON.

· (Filed 20 May, 1908).

1. **Contracts, Wagering—Futures—Evidence.**

In an action upon contract for damages for failure to deliver cotton at a future time, when the price had become higher, and the defense was that it was a gambling contract, or "futures," forbidden by Revisal, sec. 1689, in reply to which plaintiff testified he expected actual delivery, it was error in the lower court to exclude evidence offered in behalf of defendant that neither he nor plaintiff expected actual delivery; that it was a dealing in futures and not a *bona fide* sale; that their course of dealings had been in futures; that another person stated in the presence of plaintiff and defendant at the time of the execution of the contract that it could be closed out by either party by paying the difference, which was not denied, and that the transaction occurred in a "bucket shop."

2. **Same—Transactions Prior to 1905.**

This transaction occurred prior to the enactment of chapter 538, Laws 1905, and only so much of Revisal, sec. 1689, applies as was embraced in chapter 221, Laws 1889.

ACTION tried before *Webb, J.,* and a jury, at October Term, 1907, of ANSON.

Defendant appealed.

*Robinson & Caudle, J. A. Lockhart* and *J. T. Bennett* for plaintiff.

*McLendon & Thomas* and *J. W. Gulledge* for defendant.

CLARK, C. J. This is an action to recover a loss of $1,264.05 upon a contract made by defendant 16 February, 1905, to deliver to the plaintiff during October, 1905, 100 bales of cotton at 7½ cents. Cotton was higher in October, and the defendant did not deliver. The defendant pleaded in his verified answer that this was a gambling contract, or "future," forbidden by the act of 1889, now Revisal, sec. 1689. This cast upon the plaintiff the "burden to prove by proper evidence, other than any written evidence thereof, that the contract sued upon is a lawful one in its nature and pur-

poses." Revisal, sec. 1691. The placing the burden of proof is in the legislative power, even in criminal cases. *Connor, J.,* in *State v. Barrett,* 138 N. C., 630, which is a very full and conclusive discussion of the point; *State v. Hinnant,* 120 N. C., 787; *State v. Surles,* 117 N. C., 726; *State v. Burton,* 113 N. C., 655. This feature in this particular statute was sustained in *State v. McGinnis,* 138 N. C., 730.

The plaintiff testified that he expected the defendant to make actual delivery of the cotton; that he did not buy the cotton for his cotton mill; that he had bought and sold a great many contracts on which he did not receive and deliver cotton; that the defendant was a speculator in cotton; that up to this default the defendant had paid him for all his transactions; that he (the plaintiff) had speculated a great deal in cotton.

The defendant testified that the contract was purely speculative. In this conflict of evidence it was error to exclude the defendant's testimony that the contract was made in a "bucket shop," and that contracts for "futures" were made in that place. This, taken with the other evidence, might have thrown some light on the nature of the transaction. It was also error to refuse to permit the defendant to answer the question whether or not he expected to deliver the cotton, and whether or not the plaintiff expected to receive actual delivery of the cotton. The court also excluded testimony offered that another person stated in the presence of plaintiff and defendant at the time of the execution of the contract that it could be closed out by either party by paying the difference. The court also erroneously excluded evidence of conversation between the parties on a subsequent date as to the contract. The court also refused to permit the defendant to answer the question whether this "was an actual contract to deliver cotton or a future contract." The court further refused to permit the defendant to answer questions tending

to show a course of dealing in "futures" between the plaintiff and defendant extending over several years and down to this time without any actual delivery of cotton.    Exceptions were taken in apt time.

It can require no elaborate discussion to hold that the above evidence was competent to aid the jury in determining whether this was a *bona fide* contract or a sale of a "future" forbidden by law.    The plaintiff himself testified that he did not buy in the ordinary course of his business as a cotton manufacturer for use in his mill.    He is not therefore excepted out of Revisal, sec. 1689, and by virtue of Revisal, secs. 1690 and 1691, *prima facie* this was a "future contract," and but for plaintiff's testimony that he expected actual delivery the court might have directed a nonsuit.    Certainly it was error to refuse to permit the defendant to testify that neither he nor the plaintiff expected actual delivery, and that this was a dealing in futures and not a *bona fide* sale, and to prove also that the course of dealings between them for years had been trading in futures; that the transaction was made in a "bucket shop" and that the remarks made at the time in the hearing of the parties, and not denied by plaintiff, indicated that this was a deal in "futures."    It is not necessary to consider the other exceptions.    The jury should have had the aid of the excluded testimony in passing upon the "true inwardness" and nature of this transaction.

This transaction, unlike that set out in plaintiff's appeal in this case, occurred prior to the enactment of chapter 538, Laws 1905, and we have not been inadvertent to the fact that only so much of Revisal, sec. 1689, applies as was embraced in chapter 221, Laws 1889.    *State v. Clayton,* 138 N. C., 732.

New Trial.