Some of the defendants in their answers to the complaint set up cross-actions to recover damages against Mrs. Robertson and the plaintiff as trustee of James R. Bush. They allege in general terms that they deposited with Bush, who conducted a brokerage business in Asheville, money and stocks which he received on their account and converted to his own use. In bar of recovery in the cross-actions it was contended that the contracts which the claimants made with Bush are void because in contravention of section 2144 of the Consolidated Statutes. This statute condemns certain contracts for "futures" and declares them to be "utterly null and void." *Page 101 
Charles H. Cocke seeks to recover $21,607.46, alleged to be due him after his stock had been sold and after his account had been charged with certain items he owed Bush. The referee's findings of fact with respect to this claim occupy four pages. The trial judge approved them and made the additional finding that the claimant did not intend to take personal delivery of the stock, but did intend that Bush would take charge of his orders, and that he should have the right to pay Bush the balance due if he desired and should be financially able to do so.
The invalidity of the claims in question was set up in the answer of Mrs. Robertson. C. S., 2146, provides that when a defendant specifically alleges that the cause of action is founded upon a contract made void by statute and the answer shall be verified, the burden shall be upon the party asserting the cause of action to prove by proper evidence that the contract is lawful in its nature. The judge held in effect that this had not been proved and concluded that this claim is invalid. His findings of fact are supported by the evidence and are binding upon this Court; and we have discovered no sufficient cause for disturbing his conclusions of law, after considering them in the light of the claimant's argument and the authorities cited in his brief. Welles v. Satterfield, 190 N.C. 89;McGeorge v. Nicola, 173 N.C. 707.
Other claimants appealed. Thomas P. Cheesborough, Jr., N. N. Beadles, W. E. Day, A. R. Brownson, Hamilton Block, Frank E. Peckham, and Frank E. Peckham, assignee, sought to recover the value of certain stocks closed out at the time of Bush's failure and balances alleged to be due on account of money deposited with Bush, some of them during a long course of dealings in buying and selling stocks. No particular benefit would be derived from a minute discussion of the exceptions entered by the respective parties. There is ample evidence to sustain the finding that Bush operated a "bucket shop" brokerage; that the various transactions were founded upon speculation and based upon "margins"; and that there was no intention of the parties that actual delivery of the stock should be made. We affirm the judgment invalidating these claims and declaring them to be null and void under the statute.
With respect to the claim of R. G. Harris the trial court found the facts to be that the claimant had purchased "curb stocks" of the value of $5,299.25, for which he made full payment at the time of the purchase; that he had left these stocks with Bush, and that Bush had converted them. The court held as a conclusion of law that the claimant is entitled to recover $5,299.25, the value of the curb stocks, but is not entitled to recover $10,995.71, which grew out of transactions prohibited by the statute. The claimant excepted to the latter conclusion. *Page 102 
If we concede the testimony to be conflicting upon the point in dispute there is at least some evidence in support of the finding that the parties dealt in "futures" based upon "margins," and did not contemplate the actual delivery of the stock; and this finding is as conclusive as the verdict of a jury. As to this claim the judgment is therefore affirmed.
The claims of Jessie H. Hicks, Hannah Y. Gaskill, J. W. Easton, and R. L. Raibourne were submitted to the jury. These parties filed answers setting up cross-actions for the conversion of stock. They contend that because Bush filed no answer to their cross-actions, made no denial of their claims, and did not plead chapter 39 of the Consolidated Statutes in bar of their actions, they are entitled to judgment against him.
The plaintiff, as assignee of Bush, alleges that Bush and Mrs. Robertson were partners. These claimants not only admit the allegation; they seek to recover a judgment against both. Mrs. Robertson, therefore, is a defendant in these actions. She filed an answer specifically pleading chapter 39 as a defense, thereby shifting the burden of proof to the actors. They bore this burden throughout the trial and could not abrogate it after final judgment.
Upon his findings of fact the referee concluded as a matter of law that all the transactions of R. L. Raibourne were void, except the contract for the purchase of one Tokio bond valued at $780.25. The jury found that Raibourne's claim was not valid. He then tendered judgment for $780.25. The judge declined to sign it, since the claimant had excepted to the referee's findings of fact and conclusions of law and the controversy had been settled by the jury. Raibourne excepted. The issues he tendered were framed so as to include the whole transaction, and the issue submitted to the jury was of equal scope. The motion to confirm a part of the report after the general issue had been answered by the jury was properly denied.
We find no reversible error in the instructions complained of in the sixth, seventh, ninth, tenth, eleventh, and twelfth exceptions, or in the court's refusal to give the prayers referred to in the thirteenth, fourteenth, and fifteenth assignments of error. Welles v. Satterfield,supra; Burns v. Tomlinson, 147 N.C. 634.
No error. *Page 103