Ruffin, C. J.
 

 The proofs are all on the side of the plaintiffs, and consist of declarations by one of the firm of Jones, Anderson & Co., as to the terms of the agreement. But they do not vary the case made in the answer, as they are all consistent with the account given therein.
 

 But it has been contended for the plaintiff, that according to the answer itself these parties were partners, and consequently, that they must bear the losses equally. They were, no doubt, partners, as they shared in the profits; which gave each an interest in the whole. And each was certainly liable to third persons upon any partnership contract. But as between themselves, though partners, their right to profits, and liability for losses, depend upon the agreement they made. Partners do not necessarily bear losses equally, more than they are entitled to the profits equally ; but that is regulated by the contract. Here the plaintiff says, the tobacco was to be paid for out of the proceeds of sale; which would make the payment depend on the success of the adventure. But the answer denies that; and says that Motley and Cobb bought it and were to pay for it at all events, whether it sold for more or less — though, if it sold for more, then Jones, Anderson & Co. would be entitled to one third of the excess, after paying other expenses. The plaintiff,
 
 *147
 
 therefore, has no claim on Jones, Anderson & Co. for tribution to the loss arising from Cobb’s mismanagement or unfaithfulness ; and the bill must be dismissed as to them with costs. And as the bill does not seek an account of the partnership, as existing between the plaintiff and Cobb alone, it is dismissed as to him also.
 

 Per Curiam, Decree accordingly.