## LOUIS KOOTZ v. ABE TUVIAN.

*Partnership, What Constitutes—Sharing Profits—Presumption.*

An agreement between two persons to share the profits of a business is, *inter se, prima facie* proof only of partnership which may be rebutted by evidence of a contrary intent of the parties.

CIVIL ACTION, tried before *Starbuck, J.*, and a jury, at October Term, 1895, of DURHAM Superior Court. The facts sufficiently appear in the opinion of Chief Justice FAIRCLOTH. There was judgment for the plaintiff and defendant appealed.

*Messrs. J. S. Manning* and *Boone, Merritt & Bryant,* for plaintiff.
*Messrs. Fuller, Winston & Fuller* and *W. A. Guthrie,* for defendant (appellant).

FAIRCLOTH, C. J.: This is an action for possession of merchandise goods. The plaintiff claims to be the sole owner and that defendant was employed to attend to the business as a clerk and to receive for his services one-half of the net profits. The defendant contends that they were partners, and that one partner cannot maintain, for possession of the partnership property, an action against the other partner. The sole question is, Were they partners? If so, the plaintiff cannot recover; if not, he is entitled to recover.

Two issues were submitted: "1. Is the plaintiff the owner of and entitled to the possession of the goods sued for? 'Yes.'

" 2. What is the value thereof ?   ' $1,088.' "

Each party introduced evidence tending to establish his view.   His Honor, after defining a partnership to the jury and explaining the rights and powers of partners, charged them that " an agreement to share the profits of a business is the ordinary test of a partnership, and makes a *prima facie* case of partnership between the persons making such agreement, and you are instructed that, it being admitted that the plaintiff and defendant agreed to divide the profits, a presumption is raised that they were partners in the business, and the burden rests upon the plaintiff to rebut this presumption by showing that the relationship, in which he and the defendant agreed to enter, was not that of partners, but that of employer and employee, and you will consider all the evidence and say whether or not it is sufficient to overcome this presumption, and satisfy you that Tuvian was merely the clerk of Kootz." He also charged that if in the light of all the evidence the jury were not satisfied that the presumption raised in this case had been overcome, they would answer the first issue " No." The exceptions to evidence, the prayers for instruction and exceptions to the charge, and the judgment, taken as a whole, point to and involve nothing more than the correctness of the charge as given.   A contract to engage in business and share the profits and losses is the highest test of a partnership.   A contract to engage in business, one party to furnish the capital and the other the labor and superintendence, is *prima facie* a partnership, subject to proof of other circumstances and the intention of the parties.   The proof and intention go to the jury to find and to say how the facts are, under instructions of the court.   Departing somewhat from the ancient rule, it is now generally held in this country that, if the jury shall be satisfied from the evidence that one of the contracting

parties agreed to receive one-half of the profits for his serv-
ices and attention, and that such was the intention of the
parties, then the *prima facie* case is removed and there is
no partnership.   This is the present doctrine in this State.
*Mauney* v. *Coit*, 86 N. C., 463 ; *Fertilizer Co.* v. *Reams*,
105 N. C., 296.   The same rule prevails in several of the
States.   *Cassidy* v. *Hall*, 97 N. Y., 159 ; *Beecher* v. *Bush*,
45 Mich., 188 ; 17 Am. & Eng. Enc., 185, note ; *Berthold*
v. *Goldsmith*, 24 U. S., 536.   We have quoted a portion of
the charge, which we think is the correct rule between the
parties *inter se,* there being no question raised by creditors.
or third parties.

Affirmed.