A. L. WEBB & ·SONS v. R. W. HICKS, J. Y. GOSSLER et al.

(Decided November 15, 1898).

*Partnership—Practice—New Action.*

1. The usual,· not universal test of partnership is participation in the profits and losses.

2. A judgment of dismission, as upon *demurrer ore tenus* for that the complaint fails to state a cause of action does not bar another proceeding.

3. If commenced within the statutory time, it will save the bar of Statute of Limitations.

CIVIL ACTION upon a money demand tried by *Allen, J.,* (a jury trial being waived) at March Term, 1898, of CUMBERLAND Superior Court.

An action between the same parties and in regard to the same subject matter had heretofore been instituted in Superior Court of Cumberland and had been dismissed on the ground that the complaint did not state a cause of action and, on appeal, this Court affirmed the judgment, 116 N. C., 598—and the cause was finally dismissed as upon *demurrer ore tenus* by the Superior Court at May Term, 1895, and the present action was instituted April 30, 1896, in which the defendants are treated as partners, and are sought to be held liable for money advanced and articles furnished to their agent in the conduct of their business. The facts are sufficiently stated in the opinion.

His Honor adjudged, among other things:

That the agreement of January, 1891, (exhibit *A* referred to in the opinion) does not render the defendant Hicks liable to A. L. Webb & Sons for the debt sued on.

Also, That the cause of action herein is barred by the Statute of Limitations.

Also, That the matters set up in the pleadings in this case have been heretofore adjudicated by Courts of competent jurisdiction.

Plaintiffs excepted—judgment in favor of defendants —appeal by plaintiffs.

*Messrs. N. A. Sinclair* and *N. W. Ray*, for plaintiffs (appellants).

*Messrs. MacRae & Day, H. McD. Robinson* and *S. H. MacRae*, for defendants.

FAIRCLOTH, C. J.:  An action between the same parties, touching the same subject matter, was before this Court and is reported in 116 N. C., 598, in which the facts were set out fully.  On the trial of that action the Superior Court dismissed it and on appeal this Court as upon demurrer *ore tenus*, held that there was no error, on the ground that no cause of action was stated, and on the certificate of this Court the action was dismissed below.  The present action was begun within the time allowed by the Statute.  Jury trial was waived and it was agreed by both parties that the court find as facts the same facts as are set out in the former case.  For the purpose of determining the question now presented the following facts may be stated.  On the 12th of December, 1890, W. J. McDiarmid and A. A. McDiarmid, being insolvent, conveyed and assigned all their property to M. McD. Williams, in trust, to collect and sell the same and pay their creditors in the order therein prescribed.  That prior to said assignment the same property was encumbered with mortgages, deeds in trust, etc.  That these deeds were foreclosed by sales, and J. Y. Gossler and R. W. Hicks became the purchasers on January 5, 1892, and received a deed, and

on same date the assignee Williams, executed a quit-claim deed to Gossler and Hicks.

It is admitted that in January 1891, all the creditors of W. J. McDiarmid & Bro., including the defendants, Hicks and Gossler, entered into a written agreement (Exhibit A) which differs in some respects from the assignment, reciting the several debts and that Gossler & Co. had purchased from the debtor certain lumber and that they were willing that M. McD. Williams should remain to run the business therein comtemplated and "Whereas it is to the interest of all parties concerned that the property shall not be sacrificed at a forced sale for cash under said mortgages, judgment and assignment, but that the business should be carried on as it heretofore has been, for the benefit of the creditors, in order that the full value of said property shall be realized for the payment of the creditors in full."

The agreement then provides that the assignee Williams and creditor, in consideration of the premises "may and shall continue the business as it has heretofore been carried on (manufacturing and dressing lumber and distilling turpentine at the same places) for the term of one year from January 1, 1891, at the end of which time he shall render an account of the said business to the said creditors, at which time it may be determined, whether the business shall be further continued or wound up by a sale of the property. Said Williams is to conduct the said business . . . . economically and prudently." It also provides for his compensation in lieu of his commissions on receipts and disbursements under the assignment, and directs the order in which the creditors shall be paid by him. Said Williams in the course of his duties under said agreement bought

some articles and drew drafts on the plaintiffs for money to carry on the business, the plaintiffs having knowledge of the written agreement referred to, marked Exhibit "A" before the drafts were accepted. These are the facts. The judgment of dismissal in the first action for the reason stated, cannot bar the present action, because there was nothing adjudicated except that fact.

The main question is, do the facts show a partnership between those who signed Exhibit "A?" When the facts are undisputed, what constitutes a partnership is a question of law, and the usual, not the universal, test is participation in the profits and losses attending the enterprise. *Jones* v. *Call*, 93 N. C., 170; *Koots* v. *Tuvian*, 118 N. C , 393.

"A partnership is the contract relation subsisting between persons who have combined their property, labor or skill in an enterprise or business as principals for the purpose of joint profit." 1 Bates Law of Partnership, 1; Story on Partnership, Chapter 1, Section 2:

In determining whether the relation constitutes a partnership, the intention is to be considered. If that relation is established however it matters not whether they declare that they are or are not partners. The intention of the parties will be determined from the effect of the whole contract, regardless of special expressions. If the actual relation assumed and the rights and obligations created are those of partners, the actual intention or declared purpose of the parties cannot suspend the consequences. 1 Bates Partnership S., 17. The contract *where third persons' claims are not in question* will be liberally construed, as to the actual understanding and the purposes the parties had in view.

WARD *v.* MANUFACTURING Co.

*Hitchings* v. *Ellis*, 12 Gray, 449; *Tayloe* v. *Bush*, 75 Ala., 432.

The creditors had the right to have the property sold by the assignee at once and the proceeds applied to their debts, but for the expressed purpose of gain and enhancement of the value and to avoid loss and sacrifice by sale, they agreed to have the business continued and thereby obtain a profit, and they were to reap the profit if any, and must bear the loss and expense, if any. As we understand it the barrels bought and the money drawn was turned into the new business, as it could not be continued well without expense, and that would render the defendants liable on the ground that whoever gets and uses goods ought to pay for them. *Pool & Hunt* v. *Lewis*, 75 N. C , 417. Our conclusion is that the judgment of his Honor was erroneous.

Reversed.