LANCE v. BUTLER.

(Filed May 17, 1904).

1. SALES—*Conditional Sales—Recordation—The Code, sec. 1275.*

Where a firm agrees to sell goods for a part of the profits, it is not a conditional sale and need not be registered.

2. SALES—*Agency—Trusts—Commissions.*

The proceeds of sales made by an agent are a trust fund in the hands of the agent, except as to his commissions for selling.

3. PARTNERSHIP—*Contracts.*

An agreement whereby one is to receive part of the profits of an enterprise as a means only of ascertaining his compensation does not create a partnership.

4. PARTNERSHIP—*Mortgages.*

A partner has no authority, without the consent of the other partners, to mortgage firm property for his own debt.

5. CONVERSION—*Mortgages—Issues.*

Where one not the owner of goods gave a mortgage thereon, and the true owner sued the mortgagee in conversion, a request for an issue as to whether plaintiff was damaged by the sale, and, if so, how much, was proper.

6. CONVERSION—*Interest—Damages—The Code, sec. 530.*

In an action for damages for conversion the jury may allow interest on the amount of the damages from the time of the conversion.

7. CONVERSION—*Interest—Judgments—Damages—The Code, sec. 530.*

In an action for damages for conversion, the verdict being the value of the property at the time of the conversion, interest can only begin from the time of the judgment.

8. CONFUSION OF GOODS—*Agency—Sales.*

Where one who was an agent for another for the sale of goods mixed such goods with his own stock of goods, the title of his principal attached to the whole stock until the value of his goods were returned to him or properly accounted for.

LANCE *v.* BUTLER.

9. CONFUSION OF GOODS—*Mortgages.*

> Where one who was the agent for the sale of goods for another
> . allowed them to be mixed with his stock of goods, and then
> gave a mortgage on the entire stock, the mortgagee obtained
> no better title than the mortgagor had.

10. INSTRUCTIONS—*Witnesses—Issues.*

> A contention that the court erred in giving undue prominence to
> ·the testimony of one particular witness was without merit,
> where his name was mentioned in the charge but once, and that
> on an issue which was answered as a proposition of law under
> an instruction of the court.

ACTION by F. A. Lance against G. W. Butler, heard by *Judge E. B. Jones* and a jury, at December Term, 1903, of the Superior Court of BUNCOMBE County.

The plaintiff entered into the following contract with Hunter & Lance:

NORTH CAROLINA—Buncombe County.

"This instrument of writing, witnesseth, that I have this day and with these presents do hereby consign to Z. T. Hunter and M. E. Lance, partners trading and doing business at Mills River, North Carolina, in Henderson County, under the firm name and style of Hunter & Lance, a certain stock of goods, wares, merchandise, books, accounts, choses in action and effects, together with the fixtures, including safe, show cases, scales, spool-cotton cabinets, etc., now in the store formerly occupied by T. C. Hunter & Co., at Arden, Buncombe County, N. C., and also one two-horse wagon now in the blacksmith shop of Clayton & Reagan, at Arden, N. C., being all the property this day conveyed to me by Frank Carter, trustee.

"This consignment is made upon the following terms and conditions, to-wit: The said Hunter & Lance are to sell the

goods in the course of their business for cash, at figures not less than the cost of the same to me, to-wit: One thousand and sixty-two and 52-100 dollars, the proceeds as they arise from the sale of said goods to be paid to me or my order until the said cost, to-wit, $1,062.51, is fully paid and discharged.

The balance of the proceeds arising from the sale of said goods, if any there shall be, to be paid as follows: One-half to me and one-half to be retained by said Hunter & Lance as their compensation for selling and disposing of the same.

"The title to said goods hereby consigned is to remain in me, and said goods shall be kept separate from the general stock of said Hunter & Lance, so that they may at any and all times be fully identified as the goods hereby consigned.

"Interlineation in the 27th line of the first page of this instrument made before signing.

"Witness my hand and [seal], this December 17, 1892.

"F. A. LANCE, (Seal).

"Witness: FRANK CARTER."

"We hereby agree to receive, hold and dispose of the property consigned to us by the foregoing instrument, upon the conditions and for the purposes therein set forth.

"HUNTER & LANCE.

"Witness: FRANK CARTER."

Subsequently Hunter & Lance removed the goods to Greenville, S. C., where Z. T. Hunter executed a chattel mortgage to secure his individual indebtedness to the defendant, under which they were sold, the plaintiff being present and forbidding the sale. This action is to recover damages for the conversion. From a judgment for the plaintiff the defendant appealed.

*Jones & Jones,* for the plaintiff.
*Zebulon Weaver,* for the defendant.

CLARK, C. J. The real controversy is upon the second exception, that the contract above set out, by which the plaintiff consigned the stock of goods, etc., to Hunter & Lance, was a conditional sale, and therefore invalid as to the defendant under The Code, section 1275, because not registered. In a conditional sale the transfer of title to purchaser or retention of it by him depends upon the performance of some condition. 6 Am. & Eng. Ency. (2 Ed.), 437. Here the title to the goods was not passed to Hunter & Lance, but they were merely agents to sell the goods, remitting proceeds to·plaintiff. They were to keep the goods separate and apart so as to be identified and the title was to remain in the plaintiff. After remitting $1,062.52 of the proceeds, as received, to plaintiff, half of the balance of the proceeds were to be retained by Hunter & Lance as their compensation for selling and disposing of the goods. This was a mere agency, not a conditional sale, and registration of the instrument was not necessary. In *Drill Co. v. Allison,* 94 N. C., 548, an agreement was held an agency to sell, though less clearly so than in this case, and though it was expressly styled therein a conditional sale. It is clear, in this case, that the goods were not sold to Hunter & Lance, but they were to sell them to the public as agents for the plaintiff, and after collecting and sending the plaintiff, out of sales, the amount he had paid for the goods ($1,062.52), one-half of the balance of sales were to be retained by the agents as their compensation for selling. The proceeds of sales were a trust fund in the hands of Hunter & Lance, except as to the commissions for selling. *Brewery Co. v. Merratt* (Mich.), 9 L. R. A., 270; 6 Am. & Eng. Ency. (2 Ed.), 450.

In *Kootz v. Tuvian,* 118 N. C., 393, it is held that while an agreement to share profits, *as such,* is one of the tests of a partnership, an agreement to receive part of the profits for his services and attention, as a means only of ascertain-

ing the compensation, does not create a partnership—citing to that effect, *Mauney v. Coit,* 86 N. C., 463; *Fertilizer Co. v. Reams,* 105 N. C., 296. But even if this had been a partnership between the plaintiff and Hunter & Lance, Hunter had no power, without the consent of the other partners, to mortgage the firm property for his own debt (*Hartness v. Wallace,* 106 N. C., 427), and it can make no difference whether the mortgagee knew that it was partnership assets or not. *Rogers v. Batchelor,* 12 Pet., 229, and citations of that case collected in 3 Rose's Notes, 728.

The defendant properly asked that the third issue should be, "Was the plaintiff damaged by said sale; if so, how much?" Had it been submitted in that form, the jury in their discretion could have allowed interest from the date of the conversion. *Stephens v. Koonce,* 103 N. C., 266. In the form actually submitted, "What was the value of the goods sold by the defendant under his mortgage?" the jury responded "$300." Upon this, it was error to allow interest except from the date of the judgment. The Code, section 530. Besides, the date of the conversion, "February 6, 1895," as stated in the judgment, is not found by the verdict. This error, however, does not call for a new trial, but the judgment will be reformed so that the $300 shall bear interest only from the date of the judgment. The error in the form of the issue not having been prejudicial to the defendant, his exception cannot be sustained. It is not merely error, but error in a material matter, and shown to be prejudicial to the appellant, which can justify the order for a new trial.

The defendant further insists that as the goods were not kept separate, but were mixed by Hunter & Lance with their own, the plaintiff cannot recover. But, as is said in *Wells v. Batts,* 112 N. C., 291, 34 Am. St. Rep., 506, "the party who occasions, or through whose fault or neglect occurs the

wrongful mixture must bear the whole loss." By the mixing, the title of the plaintiff attached to the whole of the stock of Hunter & Lance until the value of the plaintiff's goods was returned to him or properly accounted for, and the defendant by his chattel mortgage could obtain no better title than his mortgagor possessed.

It is further contended that the Court erred in unduly stressing the testimony of one particular witness, but the witness' name is mentioned in the charge but once, and that upon the first issue, "Were the goods consigned to Hunter & Lance?" and that issue, the defendant admits, should be and was answered as a proposition of law under the instruction of the Court upon its construction of the written agreement.

The exceptions in the record, other than those above stated, are not set out in the brief, and are without merit. The judgment will be modified by allowing interest only from the trial.

Modified and Affirmed.