J. H. GURGANUS v. GREENVILLE MANUFACTURING COMPANY.

(Filed 25 February, 1925.)

**Partnership—Employer and Employee — Independent Contractor—Evidence — Share in Profits — Negligence — Instructions—Appeal and Error.**

While an agreement for the sharing of the profits of a business undertaking is strong evidence of a partnership creating a joint and several liability of the parties, it may be shown that it was to fix the compensa-

tion one of them was to receive from the other as an independent contractor, and to exclude the one from liability to an employee of the other, the independent contractor, who was physically injured by the latter's negligence; and where the evidence is conflicting, an instruction that fixes them both with joint and several liability depending upon the evidence of the partnership, is reversible error.

CLARKSON, J., dissents.

APPEAL by Greenville Manufacturing Company from *Barnhill, J.,* at November Term, 1924, of EDGECOMBE.

Civil action to recover damages for an alleged breach of a lumbering contract.

From a verdict and judgment for plaintiff, the defendant, Greenville Manufacturing Company, appeals, assigning errors.

*Henry C. Bourne for plaintiff.*
*George M. Fountain for defendant.*

STACY, J. The plaintiff entered into a contract with one P. G. Sheffield to haul a certain quantity of lumber at a stipulated · price. He alleges that Sheffield failed to pay him according to the terms of his contract. Recovery is sought against the Greenville Manufacturing Company upon the ground that said corporation and Sheffield were copartners in the sawmilling business and therefore both were jointly and severally liable to the plaintiff on his lumbering contract, admittedly made with Sheffield alone. *Chemical Co. v. Walston,* 187 N. C., p. 821. The Greenville Manufacturing Company denies the existence of any partnership arrangement, and contends that Sheffield was an independent contractor. The case was fought out upon these two contentions, and there was evidence to support both positions.

The appealing defendant complains at the following instruction given to the jury:

"If you find from the evidence that Sheffield and the Greenville Manufacturing Co. entered into an agreement whereby the Greenville Manufacturing Co. furnished the lumber and mill and Sheffield furnished the labor, and even though you find certain amount to be deducted as representing the value of the timber, they were to participate in the profits arising from the cutting of this timber, or find that Sheffield was to receive certain portions of the profits as pay for his labor and operating the mill for the Greenville Manufacturing Co., so far as this plaintiff is concerned Sheffield and the Greenville Manufacturing Co., would be copartners and the Greenville Manufacturing Co. would be liable for any amount due the plaintiff for hauling lumber in the operation of that mill."

ALSTON *v.* ODDFELLOWS. .

The latter part of this instruction, we think, must be held for error. If Sheffield were an independent contractor, as the Greenville Manufacturing Company contends he was, then the bare fact that he was to receive a certain portion of the profits, as pay for his labor, would not necessarily make him a copartner with the Greenville Manufacturing Company, and thus render the corporation jointly and severally liable on his contract with the plaintiff, though it would be evidence on the present record of such liability, and the defendant's motion for judgment as of nonsuit was properly overruled. 20 R. C. L., 823; *Bank v. Odom,* 188 N. C., 672.

Speaking to the question in *Lance v. Butler,* 135 N. C., 419, *Clark, C. J.,* said: "In *Kootz v. Tuvian,* 118 N. C., 393, it is held that while an agreement to share profits, *as such,* is one of the tests of a partnership, an agreement to receive part of the profits for his services and attention, as a means only of ascertaining the compensation, does not create a partnership, citing to that effect *Mauney v. Coit,* 86 N. C., 463; *Fertilizer Co. v. Reams,* 105 N. C., 296." To like effect is the decision in *Trust Co. v. Ins. Co.,* 173 N. C., 558.

Nor can this instruction be held for harmless error, as was strongly urged for the plaintiff. A charge which goes to the question of liability, if erroneous, cannot be said to be without prejudice. *S. v. Hightower,* 187 N. C., p. 309.

For error in the charge, as indicated, there must be a new trial; and it is so ordered.

New trial.

CLARKSON, J., dissents.