### J. H. BOLCH v. E. L. SHUFORD ET AL.

(Filed 23 May, 1928.)

**Trial—Nonsuit—Nonsuit Should Not Be Entered on Conflicting Evidence—Questions for Jury—Partnership.**

In an action to enforce a contractor's lien, where the evidence is conflicting as to whether the contractor and the owner were in partnership, sharing the profits and losses in the construction of a building, and the defendant is the present owner by deed: *Held,* upon conflicting evidence upon this question, an issue is raised for the jury to determine, and a judgment as of nonsuit thereon is improperly entered.

CIVIL ACTION before *Townsend, Special Judge,* at Special Term, 1927, of CATAWBA.

On or about 1 May, 1926, the defendant Shuford owned a lot on Melrose Avenue in that section of Asheville known as Gracelynn, and on said date plaintiff alleges he was employed by the owner to erect a dwelling-house on said lot; that the dwelling-house was erected, and that there is due the plaintiff the sum of $931.90. The evidence tended to show that on 22 October, 1926, the defendant Shuford and wife conveyed the property to his codefendants, Michalove and Pearlman, and that thereafter on 1 November, 1926, and within six months from the completion of said dwelling-house plaintiff filed a lien upon the premises as provided by law and this action was instituted to enforce the lien. It seems that judgment was taken by default against Shuford, but the defendants, Michalove and Pearlman, filed an answer admitting that they were the purchasers of said property from Shuford and alleging as a defense that as a matter of fact the plaintiff and said Shuford were partners in the construction of said house, and that therefore the effort of plaintiff to file a lien on the property was "merely" a scheme or a device of plaintiff, J. H. Bolch, and E. L. Shuford to try to compel these defendants to pay an additional sum over and above what they agreed to pay for the property when purchased from said E. L. Shuford. The alleged partnership agreement was introduced in evidence and tended to show that plaintiff was to receive an equal share of the profits upon "the two houses which said Bolch and Shuford are building on said Shuford's lots near Asheville." Plaintiff denied that any partnership existed between him and Shuford and testified further that the written agreement relied on by the defendants, Michalove and Pearlman, did not cover the house in controversy.

At the conclusion of all the evidence judgment of nonsuit was entered and the plaintiff appealed.

*J. W. Aiken for plaintiff.*
*A. A. Whitener for defendants.*

BROGDEN, J. The main question involved in the appeal is whether or not a partnership existed between the plaintiff and defendant Shuford with respect to the construction of the house upon which plaintiff filed a lien.

"When the facts are undisputed, what constitutes a partnership is a question of law, and the usual, not the universal, test is participation in profits and losses attending the enterprise." *Webb v. Hicks,* 123 N. C., 244, 31 S. E., 479; *Kootz v. Tuvian,* 118 N. C., 393, 24 S. E., 776; *Lance v. Butler,* 135 N. C., 422, 47 S. E., 488; *Trust Co. v. Ins. Co.,* 173 N. C., 558, 92 S. E., 706; *Machine Co. v. Morrow,* 174 N. C., 198, 93 S. E., 722; *Gurganus v. Mfg. Co.,* 189 N. C., 202, 126 S. E., 423.

However, in the case at bar the facts are in dispute. Plaintiff testified that he was not a partner and that the written agreement offered in evidence to prove the partnership did not cover the house in controversy. An issue of fact was thus sharply drawn and the question should have been submitted to the jury.

Reversed.