JULIUS MARTIN II, TRUSTEE, v. JAMES R. BUSH ET AL.

(Filed 2 July, 1930.)

**1. Partnership A c—Where division of profits is only measure of compensation, agreement therefor is not partnership.**

While one of the principles by which a partnership relation is determined is the sharing of the profits of an enterprise, a partnership is not established where the division of profits is looked to only as a measure for the compensation for services, and where the evidence tends to show only that the alleged partner exchanged notes with the one conducting a brokerage business for his accommodation, under an agreement for the mutual cancellation of the notes upon their maturity and for the payment of a share of the profits above a certain sum as compensation for certain services, and the payment of checks for a part of the profits in accordance with the agreement: *Held,* the evidence does not conclusively show a partnership and the refusal of a directed verdict on the issue is not error, the question being for the determination of the jury from the evidence.

**2. Contracts A h—Where evidence supports finding that contract set up in pleadings was void under C. S., 2144, judgment will be affirmed.**

Where there is evidence that contracts set up by certain defendants in an action by the receiver of a brokerage business were founded upon speculation and based upon "margins," and that no actual delivery of the stock was intended by the parties: *Held,* the evidence is sufficient to support a finding that the contracts were void under C. S., 2144, and the finding is as conclusive as the verdict of a jury, and the judgment that such contracts were absolutely void will be sustained.

**3. Same—Burden is on party setting up contract to show that it is valid where verified pleading alleges it is void under C. S., 2144.**

Where in an action by an assignee and trustee under C. S., ch. 28, it is alleged that one of the defendants was a partner in the business of the assignor and liable for the debts of the firm, and the other defendants

admit this allegation and set up and seek to recover of the plaintiff and the alleged partner on contract with the assignor, the alleged partner is a defendant in the action on the contracts and her answer setting up the defense that the contracts were void under C. S., 2144, as gambling contracts, places the burden on the other defendants to prove that the contracts were lawful. C. S., 2146.

**4. Appeal and Error—J c—Findings of fact supported by evidence are binding on appeal.**

Under a compulsory reference the findings of fact by the referee upon supporting evidence and approved by the trial court are binding upon appeal to the Supreme Court, a jury trial not being demanded or the right thereto not being preserved.

**5. Reference D d—Where issue on trial of exceptions to referee's report is answered adversely to excepting party he may not then move to confirm the referee's report.**

Where the referee's report is favorable to the appellant in one particular, and he excepts to the report and the issue involving all his claims, including the particular found in his favor, is submitted to the jury and answered adversely to him, his motion to confirm the report is properly denied as being concluded by the general verdict.

APPEAL by plaintiff and certain defendants from *Johnson, Special Judge,* at November Special Term, 1929, of BUNCOMBE.

Civil action in which the plaintiff seeks the aid of equity in the administration of his trust.

The plaintiff's case on appeal contains the following statement: The complaint alleges in substance:

1. That the plaintiff is the trustee and assignee of the assets of the defendant James R. Bush, doing business under the name and style of "James R. Bush Brokerage House," by virtue of an assignment by said Bush to the plaintiff under the authority and in pursuance of chapter 28 of the Consolidated Statutes of North Carolina, whereby the plaintiff became vested with "all and singular the outstanding debts now due and owing to him, the said debtor, on account or in respect of his trade or business of stockbroker, as aforesaid; also any and all assets, real, personal or mixed, including trade debts, equities, claims, demands, choses in action, to which he may be in any manner entitled"; said instrument expressly authorizing and empowering the plaintiff to "call in, collect, compel payment of, and receive such outstanding debts," and particularly authorizing him "to bring such legal proceedings as in his judgment shall be necessary to properly reduce the same to possession"; and all said property and assets to be held by the plaintiff upon trust "for the equal benefit of his said creditors, and that the net proceeds of the collection of such assets shall be applied equally upon a percentage basis to the discharge of proven debts held by said creditors against the said debtor."

MARTIN *v.* BUSH.

2. That the plaintiff, in the performance of the duties devolved upon him by said deed of assignment, has possessed himself of all the records, books, papers and accounts of the debtor's said business, but that said records are in such a confused and unorganized condition that the plaintiff is unable to ascertain to his satisfaction the true state of the accounts of said business, and that it has become apparent to the plaintiff that, by reason of the nature of the business of his assignor, there would be conflicting claims between the creditors of said business in respect of the validity of the claims of many of the prima facie creditors of said business, which must needs result in litigation and a multiplicity of suits and injurious waste of the trust estate.

3. That the apparent liabilities of said business, including claims of the general creditors of the assignor, would probably aggregate an amount in excess of $180,000; and the value of the undisputed assets of the trust estate, as will appear by the inventories which the plaintiff has filed in the office of the clerk of the Superior Court of Buncombe County, as required by law, will aggregate approximately $10,000.

4. That the defendant, Hope T. Robertson, claims to be a creditor of plaintiff's trustor to an amount in excess of $100,000, but that the plaintiff has information, both through papers and records in his hands and by parol, which lead plaintiff to believe, and he therefore alleges, that the true relation of the defendant Hope T. Robertson to the brokerage business of the defendant Bush is that of a silent and secret partner, so that, as against the lawful creditors of said brokerage business, said defendant Hope T. Robertson has no right or status as a creditor; and on the contrary, that said defendant is obligated and bound, equally with the defendant James R. Bush, for the payment of all lawful indebtedness of said brokerage business.

5. That the defendants James R. Bush and Hope T. Robertson, contriving to contravene the laws and public policy of the State as to the individual liability of partners to the creditors of the partnership, and to create an unlawful preference in favor of said Hope T. Robertson in respect of liabilities incurred by her in aid of said partnership, had made and entered into a certain written agreement between themselves, of date 14 April, 1927, attached to the complaint and marked "Exhibit A"; and further pursuing said unlawful designs, the defendant Bush had executed a deed of trust to the defendant Ellis C. Jones, conveying to said Jones several tracts of land therein described, in trust, for the purpose of securing the payment of the promissory note of the said Bush, in the sum of $50,000, payable to Troy Wyche, but which said Wyche had endorsed without recourse to said defendant, Hope T. Robertson; by reason of which all the security, benefits and advantages so afforded to said defendant Hope T. Robertson by said deed of trust

results and inures to the plaintiff for the benefit of the creditors of said "James R. Bush Brokerage House."

6. That an accounting in this action is required to enable the plaintiff properly to discharge the duties devolved upon him by said deed of assignment; and the plaintiff prays for such an accounting, and furthermore prays for judgment establishing the individual liability of said Hope T. Robertson for the lawful indebtedness of said brokerage house, and to charge her as trustee for the creditors of all the security, benefits and advantages received by her by virtue of the aforementioned deed of trust, and for an accounting of said trust, for costs, and for general relief.

Sundry of the defendants named as prima facie creditors of plaintiff's assignor, made answers to said complaint, in which they pleaded their claims as such creditors, and in which they associated themselves with the plaintiff in alleging that the defendant Hope T. Robertson was a partner with the assignor in the conduct of said brokerage business, and praying that she be held liable as such.

The defendant, Hope T. Robertson, answered said complaint denying that she was a partner with said Bush in said business, denying all material allegations of said complaint tending to charge her as such, and further pleading as a counterclaim for affirmative relief the indebtedness of the said Bush to her on open account in the sum of $35,000, and by the note secured by the deed of trust aforementioned in the sum of $50,000, and praying judgment accordingly.

Upon the issues joined by said pleadings, the case was sent to W. B. Snow, Esq., by compulsory reference to try all of said issues except the issue as to the alleged partnership between plaintiff's assignor and the defendant, Hope T. Robertson, which said latter issue was retained for trial by jury.

With very few exceptions, the claims of all persons against said estate were disallowed by the referee upon the ground that the transactions out of which said claims arose were had in violation of the Trading in Futures Act, and upon exceptions to said referee's report the findings of said referee were in most instances sustained, either by the rulings and findings of his Honor, the judge presiding, or by jury verdict in cases where trial by jury had been reserved by the claimants; with the result that only a very small number of the claimants had judgments signed in their favor. Divers claimants whose claims were disallowed are prosecuting several appeals to the Supreme Court, all of which will fully appear by the record.

The following issue, excepted in the order of reference, was answered by the jury in the negative: "Was the defendant Hope T. Robertson a partner with the defendant James R. Bush from and after 14 April, 1927, as alleged in the complaint?"

On the trial of this issue the plaintiff offered in evidence:

1. The following agreement and Hope T. Robertson's admission that she signed it:

This contract and agreement made and entered into this 14 April, 1927, by and between James R. Bush, of Asheville, N. C., party of the first part, and Hope T. Robertson, of Asheville, N. C., party of the second part,

Witnesseth, that whereas, the said Hope T. Robertson has this day executed and delivered to the said James R. Bush her promissory notes as follows: to wit, three notes in the sum of $10,000 each, and four notes in the sum of $5,000 each, payable four months after date with interest after maturity, said notes to be used and discounted by the said James R. Bush; and in exchange for the use of the above mentioned notes the said James R. Bush has this day executed and delivered to the said Hope T. Robertson his promissory note in the sum of $50,000, payable to Troy Wyche, and endorsed payable to Hope T. Robertson by the said Troy Wyche without recourse, which falls due on 14 April, 1928, without interest, and secured by deed of trust bearing even date herewith; and

Whereas, the said Hope T. Robertson, party of the second part hereto, has heretofore rendered to the said James R. Bush, party of the first part hereto, certain services in connection with the stock brokerage business now conducted by him in the city of Asheville, North Carolina, and whereas, the said Hope T. Robertson proposes to assist the said James R. Bush in his said business in the future, and for and in consideration of the services heretofore rendered by the said Hope T. Robertson, it is mutually agreed by and between the parties hereto as follows:

That the said James R. Bush shall pay to the said Hope T. Robertson the sum of $250 on 1 May, 1927, and the sum of $500 on the first day of each month for a period of 12 months beginning 1 June, 1927, and thereafter as long as this contract remains in force, plus an additional amount each month that the profits for the month from the brokerage business conducted by the said James R. Bush exceed $1,500 above expenses; said amount to be equal to one-third of the said net profits in excess of $1,500.

It is stipulated and agreed between the parties hereto that whereas the notes of the party of the second part are due and payable 4 months after date, and the note of the party of the first part is due and payable 12 months after date, that the notes of the party of the second part shall be renewed from time to time without interest until such time as the note of the party of the first part shall mature, and at which

MARTIN *v.* BUSH.

times the notes of both the party of the first part and the party of the second part shall offset each other, unless this contract is renewed by mutual consent.

In witness whereof, the said parties have hereunto set their hands and seals in duplicate, the day and year as above written.

JAMES R. BUSH.      (Seal.)

HOPE T. ROBERTSON.  (Seal.)

2. Two checks drawn by the defendant Bush, payable to Hope T. Robertson; one dated 15 April, 1927, for $3,000, and one dated 19 April, 1927, for $2,000. Also evidence of two other checks drawn by Bush, payable to Hope T. Robertson; one dated 30 April, 1927, for $250, and one dated 6 June, 1927, for $554.49. All these checks were paid under the terms of the contract.

Bush testified that the first two of these checks ($3,000 and $2,000) had been given to Mrs. Robertson "for anticipated profits we expected the business to make—advance profits"; and that it was all based on the contract of 14 April, 1927.

3. Financial statement of Hope T. Robertson, as of 15 April, 1927, showing total assets of $1,139,900, and total liabilities $219,000, given Bush to enable him to discount her notes in the sum of $50,000.

Mrs. Robertson introduced evidence in rebuttal, and at the close of the evidence the issue set out above was submitted to the jury. Judgment on the issue in favor of Mrs. Robertson and appeal by plaintiff. The plaintiff's exception and the exceptions of the appealing claimants are referred to in the opinion.

*Carter & Carter for plaintiff.*

*Merrimon, Adams & Adams and Rollins & Smathers for Hope T. Robertson.*

*R. R. Williams of counsel for interested creditors.*

*G. H. Wright and J. C. Martin for C. H. Cocke.*

*J. N. Horner, Jr., for T. P. Cheesborough, Jr., N. N. Beadles, and Warren E. Day.*

*MacRae & MacRae for Jessie Hicks, Hannah Y. Gaskill, J. W. Easton, R. L. Raibourne, A. R. Brownson, Hamilton Block, and F. E. Peckham individually and as trustee.*

*Bourne, Parker & Jones for Robt. G. Harris.*

PLAINTIFF'S APPEAL.

ADAMS, J. At the conclusion of the evidence bearing upon the issue of partnership the plaintiff made written request that the judge give the jury the following special instruction: "The court holds as a matter

of law that the written contract between the defendants, James R. Bush and Hope T. Robertson, of date 14 April, 1927, and the contemporary writings, the authenticity of which is conclusively established by the pleadings herein, created a partnership between said defendants, and the jury is, therefore, directed to answer the issue Yes."

The prayer was declined and the issue was submitted to the jury and answered against the plaintiff.

Inclusion of "the contemporary writings" seems to indicate that the plaintiff regarded the contract as insufficient of itself to establish the alleged partnership. These writings consisted of the four checks which Bush gave Mrs. Robertson and a signed statement of her financial condition. The plaintiff's appeal therefore presents for review the single question whether the papers just referred to and the contract signed by James R. Bush and Hope T. Robertson on 14 April, 1927, as explained by Wyche, Bush and Mrs. Robertson, are of such import as to demand compliance with the plaintiff's prayer.

It is difficult to define "partnership" in terms of universal application. There is no one exclusive test which is uniformly recognized. A community of interest in the property and a community of interest in the profits have been held to be sufficient; but if there is neither of these elements, or if there is only one in the agreement, there is no partnership. *Day v. Stevens,* 88 N. C., 83. Other tests are the community of power in the management of the business and the reciprocal relationship of principal and agent. It has been repeatedly said in our own decisions that the usual but not the universal test is participation in the profits and losses of the business. *Jones v. Call,* 93 N. C., 170; *Kootz v. Tuvian,* 118 N. C., 393; *Webb v. Hicks,* 123 N. C., 244; *Bolch v. Shuford,* 195 N. C., 660. It is said in other cases that, as a rule, all persons who share in the profits of a business incur the liability of partners. *Motley v. Jones,* 38 N. C., 144; *Bank v. Odom,* 188 N. C., 672. But participation in the profits involves liability for the losses. *Mauney v. Coit,* 86 N. C., 463, 470. As expressed by *Henderson, C. J.,* "He who shares in the profits, which are nothing but the net earnings, should also share in the losses, if there be any." *Cox v. Delano,* 14 N. C., 89. It is to be noted, however, that these cases contemplate participation in profits as profits—not merely as a means of ascertaining the compensation which under the contract is to be paid for services or in satisfaction of any other specific obligation. *Mauney v. Coit, supra;* *Fertilizer Co. v. Reams,* 105 N. C., 283; *Cossack v. Burgwyn,* 112 N. C., 304. A partnership is not created by a contract under which one of the parties is to have a share in the profits of an enterprise as the measure of his compensation for service or attention. *Lance v.*

*Butler,* 135 N. C., 419; *Trust Co. v. Ins. Co.,* 173 N. C., 558; *Gurganus v. Mfg. Co.,* 189 N. C., 202.

One of the considerations recited in the contract made by Bush and Mrs. Robertson is "certain services" which she has performed for him in connection with the "stock brokerage business conducted by him in the city of Asheville." His agreement to pay and her agreement to accept for her services "one-third the net profits in excess of $1,500 would not, as we have shown, necessarily establish between them the relation of partners. The suggestion in *Machine Co. v. Morrow,* 174 N. C., 198, that one who shares in the profits of a business either from capital invested or for services rendered, becomes a partner, must be read in connection with this subsequent statement: "It would be otherwise if it were shown that the share in the profits was merely a method of fixing the amount of the salary."

It would be inaccurate to say that the agreement of 14 April, 1927, conclusively describes the nature of Mrs. Robertson's service; it would be no less inaccurate to say that the agreement creates a partnership. Suppose, as Mrs. Robertson testified, Bush was to pay and she was to receive $500 a month and a percentage of the profits for the use of the notes ($50,000) which she executed for Bush's accommodation: the transaction would be a loan by Mrs. Robertson and an agreement by Bush to repay the amount borrowed at all events, and would be upheld as falling within the principle pointed out in *Fertilizer Co. v. Reams, supra.* The result would not be changed if we should concede that there is evidence tending to establish the partnership relation; the evidence is not conclusive, but subject to rebuttal; and the evidence relating to the actual intention of the parties was submitted to the jury under instructions to which the plaintiff did not except and was determined against his contention.

On the plaintiff's appeal we find no error.

### APPEAL BY CLAIMANTS.

ADAMS, J. Some of the defendants in their answers to the complaint set up cross-actions to recover damages against Mrs. Robertson and the plaintiff as trustee of James R. Bush. They allege in general terms that they deposited with Bush, who conducted a brokerage business in Asheville, money and stocks which he received on their account and converted to his own use. In bar of recovery in the cross-actions it was contended that the contracts which the claimants made with Bush are void because in contravention of section 2144 of the Consolidated Statutes. This statute condemns certain contracts for "futures" and declares them to be "utterly null and void."

MARTIN *v.* BUSH.

Charles H. Cocke seeks to recover $21,607.46, alleged to be due him after his stock had been sold and after his account had been charged with certain items he owed Bush. The referee's findings of fact with respect to this claim occupy four pages. The trial judge approved them and made the additional finding that the claimant did not intend to take personal delivery of the stock, but did intend that Bush would take charge of his orders, and that he should have the right to pay Bush the balance due if he desired and should be financially able to do so.

The invalidity of the claims in question was set up in the answer of Mrs. Robertson. C. S., 2146, provides that when a defendant specifically alleges that the cause of action is founded upon a contract made void by statute and the answer shall be verified, the burden shall be upon the party asserting the cause of action to prove by proper evidence that the contract is lawful in its nature. The judge held in effect that this had not been proved and concluded that this claim is invalid. His findings of fact are supported by the evidence and are binding upon this Court; and we have discovered no sufficient cause for disturbing his conclusions of law, after considering them in the light of the claimant's argument and the authorities cited in his brief. *Welles v. Satterfield,* 190 N. C., 89; *McGeorge v. Nicola,* 173 N. C., 707.

Other claimants appealed. Thomas P. Cheesborough, Jr., N. N. Beadles, W. E. Day, A. R. Brownson, Hamilton Block, Frank E. Peckham, and Frank E. Peckham, assignee, sought to recover the value of certain stocks closed out at the time of Bush's failure and balances alleged to be due on account of money deposited with Bush, some of them during a long course of dealings in buying and selling stocks. No particular benefit would be derived from a minute discussion of the exceptions entered by the respective parties. There is ample evidence to sustain the finding that Bush operated a "bucket shop" brokerage; that the various transactions were founded upon speculation and based upon "margins"; and that there was no intention of the parties that actual delivery of the stock should be made. We affirm the judgment invalidating these claims and declaring them to be null and void under the statute.

With respect to the claim of R. G. Harris the trial court found the facts to be that the claimant had purchased "curb stocks" of the value of $5,299.25, for which he made full payment at the time of the purchase; that he had left these stocks with Bush, and that Bush had converted them. The court held as a conclusion of law that the claimant is entitled to recover $5,299.25, the value of the curb stocks, but is not entitled to recover $10,995.71, which grew out of transactions prohibited by the statute. The claimant excepted to the latter conclusion.

If we concede the testimony to be conflicting upon the point in dispute there is at least some evidence in support of the finding that the parties dealt in "futures" based upon "margins," and did not contemplate the actual delivery of the stock; and this finding is as conclusive as the verdict of a jury. As to this claim the judgment is therefore affirmed.

The claims of Jessie H. Hicks, Hannah Y. Gaskill, J. W. Easton, and R. L. Raibourne were submitted to the jury. These parties filed answers setting up cross-actions for the conversion of stock. They contend that because Bush filed no answer to their cross-actions, made no denial of their claims, and did not plead chapter 39 of the Consolidated Statutes in bar of their actions, they are entitled to judgment against him.

The plaintiff, as assignee of Bush, alleges that Bush and Mrs. Robertson were partners. These claimants not only admit the allegation; they seek to recover a judgment against both. Mrs. Robertson, therefore, is a defendant in these actions. She filed an answer specifically pleading chapter 39 as a defense, thereby shifting the burden of proof to the actors. They bore this burden throughout the trial and could not abrogate it after final judgment.

Upon his findings of fact the referee concluded as a matter of law that all the transactions of R. L. Raibourne were void, except the contract for the purchase of one Tokio bond valued at $780.25. The jury found that Raibourne's claim was not valid. He then tendered judgment for $780.25. The judge declined to sign it, since the claimant had excepted to the referee's findings of fact and conclusions of law and the controversy had been settled by the jury. Raibourne excepted. The issues he tendered were framed so as to include the whole transaction, and the issue submitted to the jury was of equal scope. The motion to confirm a part of the report after the general issue had been answered by the jury was properly denied.

We find no reversible error in the instructions complained of in the sixth, seventh, ninth, tenth, eleventh, and twelfth exceptions, or in the court's refusal to give the prayers referred to in the thirteenth, fourteenth, and fifteenth assignments of error. *Welles v. Satterfield, supra; Burns v. Tomlinson,* 147 N. C., 634.

No error.