Civil action in which the plaintiff seeks the aid of equity in the administration of his trust.
The plaintiff's case on appeal contains the following statement: The complaint alleges in substance:
1. That the plaintiff is the trustee and assignee of the assets of the defendant James R. Bush, doing business under the name and style of "James R. Bush Brokerage House," by virtue of an assignment by said Bush to the plaintiff under the authority and in pursuance of chapter 28 of the Consolidated Statutes of North Carolina, whereby the plaintiff became vested with "all and singular the outstanding debts now due and owing to him, the said debtor, on account or in respect of his trade or business of stockbroker, as aforesaid; also any and all assets, real personal or mixed, including trade debts, equities, claims, demands, choses in action, to which he may be in any manner entitled"; said instrument expressly authorizing and empowering the plaintiff to "call in, collect, compel payment of, and receive such outstanding debts," and particularly authorizing him "to bring such legal proceedings as in his judgment shall be necessary to properly reduce the same to possession"; and all said property and assets to be held by the plaintiff upon trust "for the equal benefit of his said creditors, and that the net proceeds of the collection of such assets shall be applied equally upon a percentage basis to the discharge of proven debts held by said creditors against the said debtor." *Page 95 
2. That the plaintiff, in the performance of the duties devolved upon him by said deed of assignment, has possessed himself of all the records, books, papers and accounts of the debtor's said business, but that said records are in such a confused and unorganized condition that the plaintiff is unable to ascertain to his satisfaction the true state of the accounts of said business, and that it has become apparent to the plaintiff that, by reason of the nature of the business of his assignor, there would be conflicting claims between the creditors of said business in respect of the validity of the claims of many of the prima facie creditors of said business, which must needs result in litigation and a multiplicity of suits and injurious waste of the trust estate.
3. That the apparent liabilities of said business, including claims of the general creditors of the assignor, would probably aggregate an amount in excess of $180,000; and the value of the undisputed assets of the trust estate, as will appear by the inventories which the plaintiff has filed in the office of the clerk of the Superior Court of Buncombe County, as required by law, will aggregate approximately $10,000.
4. That the defendant, Hope T. Robertson, claims to be a creditor of plaintiff's trustor to an amount in excess of $100,000, but that the plaintiff has information, both through papers and records in his hands and by parol, which lead plaintiff to believe, and he therefore alleges, that the true relation of the defendant Hope T. Robertson to the brokerage business of the defendant Bush is that of a silent and secret partner, so that, as against the lawful creditors of said brokerage business, said defendant Hope T. Robertson has no right or status as a creditor; and on the contrary, that said defendant is obligated and bound, equally with the defendant James R. Bush, for the payment of all lawful indebtedness of said brokerage business.
5. That the defendants James R. Bush and Hope T. Robertson, contriving to contravene the laws and public policy of the State as to the individual liability of partners to the creditors of the partnership, and to create an unlawful preference in favor of said Hope T. Robertson in respect of liabilities incurred by her in aid of said partnership, had made and entered into a certain written agreement between themselves, of date 14 April, 1927, attached to the complaint and marked "Exhibit A"; and further pursuing said unlawful designs, the defendant Bush had executed a deed of trust to the defendant Ellis C. Jones, conveying to said Jones several tracts of land therein described, in trust, for the purpose of securing the payment of the promissory note of the said Bush, in the sum of $50,000, payable to Troy Wyche, but which said Wyche had endorsed without recourse to said defendant, Hope T. Robertson; by reason of which all the security, benefits and advantages so afforded to said defendant Hope T. Robertson by said deed of trust *Page 96 
results and inures to the plaintiff for the benefit of the creditors of said "James R. Bush Brokerage House."
6. That an accounting in this action is required to enable the plaintiff properly to discharge the duties devolved upon him by said deed of assignment; and the plaintiff prays for such an accounting, and furthermore prays for judgment establishing the individual liability of said Hope T. Robertson for the lawful indebtedness of said brokerage house, and to charge her as trustee for the creditors of all the security, benefits and advantages received by her by virtue of the aforementioned deed of trust, and for an accounting of said trust, for costs, and for general relief.
Sundry of the defendants named as prima facie creditors of plaintiff's assignor, made answers to said complaint, in which they pleaded their claims as such creditors, and in which they associated themselves with the plaintiff in alleging that the defendant Hope T. Robertson was a partner with the assignor in the conduct of said brokerage business, and praying that she be held liable as such.
The defendant, Hope T. Robertson, answered said complaint denying that she was a partner with said Bush in said business, denying all material allegations of said complaint tending to charge her as such, and further pleading as a counterclaim for affirmative relief the indebtedness of the said Bush to her on open account in the sum of $35,000, and by the note secured by the deed of trust aforementioned in the sum of $50,000, and praying judgment accordingly.
Upon the issues joined by said pleadings, the case was sent to W. B. Snow, Esq., by compulsory reference to try all of said issues except the issue as to the alleged partnership between plaintiff's assignor and the defendant, Hope T. Robertson, which said latter issue was retained for trial by jury.
With very few exceptions, the claims of all persons against said estate were disallowed by the referee upon the ground that the transactions out of which said claims arose were had in violation of the Trading in Futures Act, and upon exceptions to said referee's report the findings of said referee were in most instances sustained, either by the rulings and findings of his Honor, the judge presiding, or by jury verdict in cases where trial by jury had been reserved by the claimants; with the result that only a very small number of the claimants had judgments signed in their favor. Divers claimants whose claims were disallowed are prosecuting several appeals to the Supreme Court, all of which will fully appear by the record.
The following issue, excepted in the order of reference, was answered by the jury in the negative: "Was the defendant Hope T. Robertson a partner with the defendant James R. Bush from and after 14 April, 1927, as alleged in the complaint?" *Page 97 
On the trial of this issue the plaintiff offered in evidence:
1. The following agreement and Hope T. Robertson's admission that she signed it:
This contract and agreement made and entered into this 14 April, 1927, by and between James R. Bush, of Asheville, N.C. party of the first part, and Hope T. Robertson, of Asheville, N.C. party of the second part,
Witnesseth, that whereas, the said Hope T. Robertson has this day executed and delivered to the said James R. Bush her promissory notes as follows: to wit, three notes in the sum of $10,000 each, and four notes in the sum of $5,000 each, payable four months after date with interest after maturity, said notes to be used and discounted by the said James R. Bush; and in exchange for the use of the above mentioned notes the said James R. Bush has this day executed and delivered to the said Hope T. Robertson his promissory note in the sum of $50,000, payable to Troy Wyche, and endorsed payable to Hope T. Robertson by the said Troy Wyche without recourse, which falls due on 14 April, 1928, without interest, and secured by deed of trust bearing even date herewith; and
Whereas, the said Hope T. Robertson, party of the second part hereto, has heretofore rendered to the said James R. Bush, party of the first part hereto, certain services in connection with the stock brokerage business now conducted by him in the city of Asheville, North Carolina, and whereas, the said Hope T. Robertson proposes to assist the said James R. Bush in his said business in the future, and for and in consideration of the services heretofore rendered by the said Hope T. Robertson, it is mutually agreed by and between the parties hereto as follows:
That the said James R. Bush shall pay to the said Hope T. Robertson the sum of $250 on 1 May, 1927, and the sum of $500 on the first day of each month for a period of 12 months beginning 1 June, 1927, and thereafter as long as this contract remains in force, plus an additional amount each month that the profits for the month from the brokerage business conducted by the said James R. Bush exceed $1,500 above expenses; said amount to be equal to one-third of the said net profits in excess of $1,500.
It is stipulated and agreed between the parties hereto that whereas the notes of the party of the second part are due and payable 4 months after date, and the note of the party of the first part is due and payable 12 months after date, that the notes of the party of the second part shall be renewed from time to time without interest until such time as the note of the party of the first part shall mature, and at which *Page 98 
times the notes of both the party of the first part and the party of the second part shall offset each other, unless this contract is renewed by mutual consent.
In witness whereof, the said parties have hereunto set their hands and seals in duplicate, the day and year as above written.
 JAMES R. BUSH. (Seal.) HOPE T. ROBERTSON. (Seal.)
2. Two checks drawn by the defendant Bush, payable to Hope T. Robertson; one dated 15 April, 1927, for $3,000, and one dated 19 April, 1927, for $2,000. Also evidence of two other checks drawn by Bush, payable to Hope T. Robertson; one dated 30 April, 1927, for $250, and one dated 6 June, 1927, for $554.49. All these checks were paid under the terms of the contract.
Bush testified that the first two of these checks ($3,000 and $2,000) had been given to Mrs. Robertson "for anticipated profits we expected the business to make — advance profits"; and that it was all based on the contract of 14 April, 1927.
3. Financial statement of Hope T. Robertson, as of 15 April, 1927, showing total assets of $1,139,900, and total liabilities $219,000, given Bush to enable him to discount her notes in the sum of $50,000.
Mrs. Robertson introduced evidence in rebuttal, and at the close of the evidence the issue set out above was submitted to the jury. Judgment on the issue in favor of Mrs. Robertson and appeal by plaintiff. The plaintiff's exception and the exceptions of the appealing claimants are referred to in the opinion.
PLAINTIFF'S APPEAL.
At the conclusion of the evidence bearing upon the issue of partnership the plaintiff made written request that the judge give the jury the following special instruction: "The court holds as a matter *Page 99 
of law that the written contract between the defendants, James R. Bush and Hope T. Robertson, of date 14 April, 1927, and the contemporary writings, the authenticity of which is conclusively established by the pleadings herein, created a partnership between said defendants, and the jury is, therefore, directed to answer the issue Yes."
The prayer was declined and the issue was submitted to the jury and answered against the plaintiff.
Inclusion of "the contemporary writings" seems to indicate that the plaintiff regarded the contract as insufficient of itself to establish the alleged partnership. These writings consisted of the four checks which Bush gave Mrs. Robertson and a signed statement of her financial condition. The plaintiff's appeal therefore presents for review the single question whether the papers just referred to and the contract signed by James R. Bush and Hope T. Robertson on 14 April, 1927, as explained by Wyche, Bush and Mrs. Robertson, are of such import as to demand compliance with the plaintiff's prayer.
It is difficult to define "partnership" in terms of universal application. There is no one exclusive test which is uniformly recognized. A community of interest in the property and a community of interest in the profits have been held to be sufficient; but if there is neither of these elements, or if there is only one in the agreement, there is no partnership. Day v. Stevens, 88 N.C. 83. Other tests are the community of power in the management of the business and the reciprocal relationship of principal and agent. It has been repeatedly said in our own decisions that the usual but not the universal test is participation in the profits and losses of the business. Jones v. Call, 93 N.C. 170; Kootz v. Tuvian,118 N.C. 393; Webb v. Hicks, 123 N.C. 244; Bolch v. Shuford, 195 N.C. 660. It is said in other cases that, as a rule, all persons who share in the profits of a business incur the liability of partners. Motley v. Jones,38 N.C. 144; Bank v. Odom, 188 N.C. 672. But participation in the profits involves liability for the losses. Mauney v. Coit, 86 N.C. 463,470. As expressed by Henderson, C. J., "He who shares in the profits, which are nothing but the net earnings, should also shares in the losses, if there be any." Cox v. Delano, 14 N.C. 89. It is to be noted, however, that these cases contemplate participation in profits as profits — not merely as a means of ascertaining the compensation which under the contract is to be paid for services or in satisfaction of any other specific obligation. Mauney v. Coit, supra; Fertilizer Co. v. Reams,105 N.C. 283; Cossack v. Burgwyn, 112 N.C. 304. A partnership is not created by a contract under which one of the parties is to have a share in the profits of an enterprise as the measure of his compensation for service or attention. Lance v. *Page 100 Butler, 135 N.C. 419; Trust Co. v. Ins. Co., 173 N.C. 558; Gurganus v.Mfg. Co., 189 N.C. 202.
One of the considerations recited in the contract made by Bush and Mrs. Robertson is "certain services" which she has performed for him in connection with the "stock brokerage business conducted by him in the city of Asheville." His agreement to pay and her agreement to accept for her services "one-third the net profits in excess of $1,500 would not, as we have shown, necessarily establish between them the relation of partners. The suggestion in Machine Co. v. Morrow, 174 N.C. 198, that one who shares in the profits of a business either from capital invested or for services rendered, becomes a partner, must be read in connection with this subsequent statement: "It would be otherwise if it were shown that the share in the profits was merely a method of fixing the amount of the salary."
It would be inaccurate to say that the agreement of 14 April, 1927, conclusively describes the nature of Mrs. Robertson's service; it would be no less inaccurate to say that the agreement creates a partnership. Suppose, as Mrs. Robertson testified, Bush was to pay and she was to receive $500 a month and a percentage of the profits for the use of the notes ($50,000) which she executed for Bush's accommodation: the transaction would be a loan by Mrs. Robertson and an agreement by Bush to repay the amount borrowed at all events, and would be upheld as falling within the principle pointed out in Fertilizer Co. v. Reams, supra. The result would not be changed if we should concede that there is evidence tending to establish the partnership relation; the evidence is not conclusive, but subject to rebuttal; and the evidence relating to the actual intention of the parties was submitted to the jury under instructions to which the plaintiff did not except and was determined against his contention.
On the plaintiff's appeal we find no error.
APPEAL BY CLAIMANTS.