E. E. GORHAM AND E. E. GORHAM, ADMR. OF JOHN C. GORHAM, v. ILA H. COTTON, ADMX. OF F. H. COTTON.

(Filed 5 December, 1917.)

1. **Partnership—Requisites.**

   It is required, to make a partnership, that two or more persons should combine "their property, effects, labor, or skill," in a common business or venture, under an agreement to share the profits and losses in equal or specified proportions, constituting each member an agent for the others in matters appertaining to the partnership and within the scope of its business.

2. **Same — Deeds and Conveyances — Lands — Tenants in Common—Executors and Administrators—Distribution—Creditors—Statutes.**

   Where two or more persons purchase lands and take a conveyance to the undivided lands to themselves, and have procured the purchase money from a bank on their joint note, with joint and several liability under our statutes (Revisal, secs. 412, 413), in the absence of other evidence, a partnership in the land has not been established, and they take it as tenants in common; and where one of the parties has died insolvent, and his adminis-

trator has sold the land to make assets, the other party, having paid his *pro rata* part of the note, may not maintain that the proceeds of the sale was a partnership asset, to be first applied to the partnership debt, for such proceeds are for *pro rata* distribution among the creditors of the intestate, including the plaintiff, under the statutes applicable.

CONTROVERSY without action, heard before *Connor, J.,* at April Term, 1917, of CUMBERLAND.

There was judgment for plaintiffs, and defendant administratrix excepted and appealed.

*Q. K. Nimocks for plaintiff.*
*Sinclair, Dye & Ray for defendant.*

HOKE, J. From the "case agreed" it appears that at some time prior to this proceeding, apparently about 13 May, 1913, plaintiff E. E. Gorham, and John C. Gorham, intestate, and F. H. Cotton, intestate of defendant, having executed their joint note to the First National Bank of Fayetteville to procure money for the purpose, bought and took title to the three in equal interests of seven unimproved lots in and near Fayetteville, N. C.; that the individual plaintiff, E. E. Gorham, has paid his *pro rata* share of said note, and the balance due thereon is $466.66, principal and interest, and which is demanded by said bank, and no part of same has been paid by John C. Gorham or F. H. Cotton or their estates; that since said note was made and discounted, J. C. Gorham and F. H. Cotton have died, and each of said lots having been sold by court proceedings to make assets, and at a price in excess of the amount paid for same, and the estates of the said intestates being each entitled to one-third of said purchase price, less costs and charges of sale; that the estate of F. H. Cotton, deceased, is insolvent and will not suffice to pay his debts in full.

Upon these facts, plaintiffs contend that they are entitled to have one-third of said note paid in full out of the proceeds of said sale of said lots, and defendant denying that the estate of Cotton is liable on said note, except as to a general creditor, to be paid its *pro rata* from the assets of his intestate's estate. The plaintiffs base their claim on the position that the purchase of these lots was a partnership venture, and that the proceeds of sale constitute partnership assets, which should be properly applied to the payment of the partnership debts and in exoneration of the other partners to the extent of the intestates' proportionate liability.

The principle, as a general rule, is fully recognized with us (*Scott v. Kenan,* 94 N. C., 296; *Strauss v. Frederick,* 91 N. C., 121; *Ross v. Henderson,* 77 N. C., 170), but it may not avail the plaintiffs, on this record, for the reason that the fact of partnership is not established. The defi-

nition of a partnership by *Chancellor Kent* is given in 30 Cyc., 349, as
follows: "A contract of two or more competent persons to place their
money, effects, labor, and skill, or some or all of them, in lawful com-
merce or business, and to divide the profit and bear 'the loss in certain
proportions," with the comment by the author that "the same is both
comprehensive and accurate." Various other definitions are given in a
note to this article, pp. 349 and 350, one from *Karrick v. Hanniman,* 168
U. S., 328, as follows: "A contract of partnership is one by which two
or more persons agree to carry on a business for their common benefit,
each contributing property or services and having a community of inter-
ests in the profits. It is in effect a contract of mutual agency, each part-
ner acting as a principal in his own behalf and as agent for his copart-
ner." And that from *Meehan v. Valentine,* 145 U. S., 611, to the effect
"That those persons are partners who contribute either property or
money to carry on a joint business for their common benefit, and who
own and share the profits thereof in certain proportions." And, again,
from *O'Donohue v. Bunce,* 92 Fed., 858: "The accepted definition of
partnership is the voluntary association of two or more persons in
sharing the profits and bearing the losses of a general trade or specific
adventure."

The substantive features of these definitions have been approved and
applied in numerous cases in this jurisdiction, as in *Reaves v. Fertilizer
Co.,* 105 N. C., 283-296; *Mauney v. Coit,* 86 N. C., 464, and all embody
the proposition that, to make a partnership, two or more persons should
combine their "property, effects, labor, or skill in a common business or
venture, and under an agreement to share the profits and losses in equal
or specified proportions, and constituting each member an agent for the
others in matters appertaining to the partnership and within the scope
of its business."

Under these or equivalent definitions, there are no facts nor findings
in the case agreed showing that a partnership was ever entered into by
these parties. It is not shown that there was ever any agreement between
them to buy or hold this property as copartners, or that one was or
intended to be the agent of the other in its acquisition or sale, or even
that it was bought for the purposes of resale at all. No sale took place in
their lifetime, and, so far as appears, it may have been bought for the
purpose of partition between them, and, on the facts as they are now pre-
sented, the parties procuring the money on their joint note, joint and
several, under the provisions of our statute (Revisal, secs. 412-413;
*Rufty v. Claywell, Powell & Co.,* 93 N. C., 306), bought and took a deed
for the property in ordinary form, and held the same, as tenants in
common, at the time that two of the owners died.

The authorities cited by defendant seem to be decisive in his favor, some of them being to the effect that, even if the lots had been purchased by the parties with a view of resale, this of itself, and without more, would not constitute a partnership. *Clark v. Sidway,* 142 U. S., 682; *Gottschalk v. Smith,* 156 Ill., 377; *La Cotts v. Pike,* 91 Ark., 26.

In *Clark's case* it was held: "That persons who jointly purchased land to hold for a rise in value are not partners, but are tenants in common," etc. In *La Cotts v. Pike, supra,* it was held, among other things, "That in order to constitute a partnership it is necessary that there should be something more than the joint ownership of property; that mere community of interest by ownership is sufficient to create a tenant in common; that, before there can be a partnership, there must be an agreement for community of profits and loss. . . ."

From this it follows that, defendant's intestate having died insolvent and owning a one-third interest in the lots as tenant in common only, the proceeds from the sale of such interests must be distributed *pro rata* in the due and orderly administration of the estate.

There is error, and, on the facts appearing in the case agreed, there must be judgment for defendant.

Reversed.