## J. J. WILKINSON v. W. B. COPPERSMITH.

(Filed 18 September, 1940.)

1. **Appeal and Error § 37—**

The referee's findings of fact, approved and adopted by the court below, are conclusive upon appeal when supported by competent evidence.

2. **Master and Servant § 1: Partnership § 1—Contract held one of employment and not to create partnership.**

Plaintiff and defendant entered into a contract whereby it was agreed that defendant should buy certain sawmill and logging equipment, buildings and lumber, that plaintiff should have charge of salvaging and selling the property, that defendant should be reimbursed for the purchase price and all other expenses from the proceeds of sale, and the profits, if any, should be equally divided, but that any loss should be borne solely by defendant. *Held:* While division of profits is one of the tests of partnership, an agreement to share the profits solely as a means of ascertaining the compensation one of the parties should receive for his services rendered does not create a partnership, and under the facts of this case the contract was one of employment and plaintiff is not entitled to any part of the proceeds of a fire insurance policy on part of the property which defendant had purchased and which had been destroyed by fire, nor does plaintiff have any title or present interest in property purchased by defendant which had not been sold.

APPEAL by plaintiff from *Burney, J.,* at June Term, 1940, of PASQUOTANK. Affirmed.

This was an action for an accounting, growing out of dealings between the parties pursuant to a contract for the purchase and disposition of certain sawmill and logging equipment.

The action was referred. The referee made report of his findings of fact and conclusions of law, and the plaintiff filed exceptions thereto. The trial judge overruled all of plaintiff's exceptions, adopted the referee's findings of fact and approved his conclusions of law. From judgment confirming the report, plaintiff appealed.

*M. B. Simpson and R. Clarence Dozier for plaintiff, appellant.*
*McMullan & McMullan for defendant, appellee.*

DEVIN, J. The referee's findings of fact, approved and adopted by the court below, are supported by competent evidence, and hence are conclusive on appeal. *Kenney v. Hotel Co.,* 194 N. C., 44, 138 S. E., 349.

From these findings it appears that plaintiff and defendant entered into a contract whereby it was agreed that the defendant should buy

certain sawmill and logging equipment, buildings and lumber, and that plaintiff should have charge of the salvaging, preparing for sale and selling the property, each party to pay his own personal expenses, and that upon effecting sale defendant was to be reimbursed for the purchase price and all other expenses, and the profits, if any, were to be equally divided. The obligation for the purchase price of the property was to be that of the defendant alone, and in the event the venture resulted in loss, the loss was to be borne solely by defendant.

Consequent upon this agreement, certain property was purchased by defendant and subsequent sale thereof effected by plaintiff, resulting in a net profit of $14.63. Certain other property which had been purchased by defendant was destroyed by fire, and insurance thereon, which had been taken out by defendant, was paid by the insurance company into court. Some of the property remained unsold at the institution of this action. It was also found by the referee that plaintiff was entitled to the sum of $62.05 for services rendered defendant in another matter. The referee, however, found that the amounts due plaintiff were more than offset by larger sums which defendant had advanced to plaintiff for his personal expenses, and that plaintiff was entitled to recover nothing of defendant.

From these findings of fact it was correctly concluded by the court below that plaintiff's compensation for his services in effecting sales of property purchased by defendant under the contract was limited to one-half of the net profits arising therefrom, and that the plaintiff had no right, title or present interest in the property unsold, or in the funds derived from insurance on property destroyed by fire.

The facts found sustain the conclusion that the contract between the parties did not create the relationship of partners with respect to the property, so as to vest any rights in the plaintiff therein other than to a share in the profits when sold as the measure of his compensation. While an agreement to share profits as such is one of the tests of partnership, an agreement to receive part of the profits for services rendered, as a means only of ascertaining the compensation, does not create a partnership. *Gurganus v. Mfg. Co.,* 189 N. C., 202, 126 S. E., 423; *Gorham v. Cotton,* 174 N. C., 727, 94 S. E., 450; *Lance v. Butler,* 135 N. C., 419, 47 S. E., 488.

The judgment predicated upon the facts found must be upheld.

Affirmed.