PATRICIA ANN JOHNSON, BY HER NEXT FRIEND, MRS. CLARA JOHNSON DICKSON, v. DAN GILL, ZEB MATTOX, SAM WHITE, AND MIKE GRATE.

(Filed 1 February, 1952.)

**1. Partnership § 6d—**

Partners are liable jointly and severally for a tort committed by one of them in the course of the partnership business. G.S. 59-39, G.S. 59-43.

**2. Partnership § 1a—**

A partnership is an association of two or more persons to carry on as co-owners a business for profit, but proof of division of profits is alone insufficient to establish a partnership and is not even *prima facie* evidence thereof in instances, among others, when payment of a share of the gross returns of the business is to discharge a debt by installments or as rental for real or personal property. G.S. 59-36 (1), G.S. 59-37 (3) (4) (a) (b) (e), G.S. 42-1.

**3. Same—**

Evidence tending to show merely that a person sold or leased a truck to partners for the conduct of the partnership business, with the purchase price or rental to be paid in a stipulated sum weekly, is insufficient to be submitted to the jury on the question of whether such person was a member of the partnership, notwithstanding further evidence that the stipulated weekly rental of the truck was in excess of its true rental value.

**4. Partnership § 6d—**

Where the evidence is insufficient to be submitted to the jury on the question of whether defendant appellee was a member of the partnership, his motion to nonsuit in an action seeking to hold him liable for a tort committed by one of the partners is properly entered.

APPEAL by plaintiff from *Bennett, Special Judge,* at 28 May, 1951, Extra Civil Term, of MECKLENBURG.

Civil action for recovery of damages for personal injuries allegedly resulting from actionable negligence of defendants.

The action was instituted first against defendant Dan Gill,—time being extended for filing complaint. During this time, and upon order obtained on motion of plaintiff, Zeb Mattox was made a party defendant. Thereupon plaintiff filed a complaint in which it is alleged that on 4 May, 1949, about 3:30 p.m., plaintiff, a minor ten years of age, while crossing

West Trade Street at its intersection with Cedar Street, in the city of Charlotte, N. C., without fault on her part, was struck and injured by a 2½ ton truck, owned by defendant Zeb Mattox, and negligently operated by defendant Dan Gill; and that at the time Gill was operating the truck on behalf of, and in furtherance of the business of defendant Mattox, and with his knowledge and consent, etc.

Defendant Mattox, answering the complaint, admitted the ownership of the truck, but denied in material aspect all other allegations of the complaint, and, by way of further defense, pleaded contributory negligence of plaintiff.

Thereafter plaintiff, upon motion, obtained an order for the adverse examination of defendants Gill and Mattox, and to take depositions of Sam White and Mike Grate,—notice of which was given to attorneys for Zeb Mattox.

Thereafter plaintiff, upon motion, obtained an order making Sam White and Mike Grate parties defendant, and allowing an amended complaint to be filed. White and Grate were served with summons, etc.

Thereupon plaintiff filed an amended complaint in which she alleged, with respect of the defendant, in addition to allegations of actionable negligence, that on 4 May, 1949, at time she was stricken, "and for some time theretofore defendant Mattox was associated with defendants Gill, Grate and White as co-partners in a landscaping and grading business . . . and . . . had placed the above described . . . truck and other equipment he owned with the said co-partnership for use in its business, and, in addition, for use by any one of his defendant co-partners on that individual's personal business; and that defendant Gill was driving the . . . truck on behalf of, for the benefit of, and in the interest of the co-partnership and of himself and of each of his co-partners, and was then and there acting within the scope of the co-partnership business and was engaged in and about the carrying out of the acts, duties, responsibilities and affairs of the co-partnership business," etc.

Defendant Mattox, answering the amended complaint, while admitting ownership of the truck described in the complaint, and that he is engaged in business in Mecklenburg County, N. C., and from time to time in his business activities used the truck, denies that the truck was being operated by him or on his behalf or on his business upon the occasion and time set out and described in the complaint; that on the contrary, he avers, said truck was being driven by defendant Gill on the occasion and at the time referred to in the complaint without his knowledge or consent; and that in other material respects the allegations of the complaint are denied.

And as further defense defendant Mattox pleads that plaintiff was contributorily negligent in way and manner stated.

Upon the trial in Superior Court plaintiff examined adversely defendants Sam White, Dan Gill, Mike Grate and Zeb Mattox, and also offered in evidence the entire adverse examination of defendant Dan Gill, and portions of the deposition of defendant Mike Grate, each taken before a commissioner appointed for the purpose.

The testimony of defendants Sam White, Dan Gill and Mike Grate so taken, tends to show substantially these facts: In 1949 they were engaged in yard landscape work in the city of Charlotte. The exact terms under which they worked, as among themselves, are not in entire accord. But it seems that Sam White would obtain jobs at certain prices, and then he and Dan Gill and Mike Grate would get together, and Sam would tell them "what he would make" and "what he would give them," and then they would do the job. In connection with their work the three of them owned a truck, bought from Pyramid Chevrolet Company, and in the name of Mike Grate. And prior to the date of the injury of which plaintiff complains, Sam White bought a Ford tractor from defendant Zeb Mattox, and agreed to pay him "ten hundred dollars." Sam testified: "I got it on pretty good terms,—a hundred dollars a week suited me all right. Many a time one hundred dollars a week took all I could make with the tractor. Lots of times I didn't make but fifty dollars a week. I gave my part of the fifty dollars to Mattox . . . I got the money out of the use of the tractor and doing grading and landscape work. I employed Dan Gill and Mike Grate on the basis that when I got a job I gave them so much and I took so much and paid on the tractor. I didn't give them a percentage. If I made one hundred dollars I would give them twenty-five dollars apiece and take fifty dollars myself. If my part was fifty dollars sometimes I gave Mattox all of the fifty dollars. And sometimes when I would get behind on my payments I would borrow. If the job carried over the weekend on Saturday, I would borrow and pay Mike and Dan . . . whatever they told me they needed. I paid them according to what I made . . . whatever we agreed on. I would tell them plain, 'I'll give you ten dollars or fifteen to help me.' I would tell them what I would give them before they did it . . . I did not tell Mattox how much I would make . . ."

Also the testimony of White, Gill and Grate tends to show: That on Saturday afternoon before the Wednesday on which injury to plaintiff took place, the truck they owned, as aforesaid, broke down near the place of business of defendant Mattox, as Sam White was on the way to pay Mattox some money, and Sam borrowed from Mattox a truck to pull the broken-down truck to the place of business of Pyramid Chevrolet Company. Then Sam White took the truck to his home, and on Monday morning it was taken out on the job they were working. The truck was kept. And on Wednesday afternoon at direction of White or Grate, or

of another tractor operator (as to whom it is not clear), Gill used the truck in going after some bolts for one of the tractors, and on that trip the plaintiff was struck and injured.

These witnesses further testified: Sam White said: "Mr. Mattox did not have anything to do with my business." Dan Gill said: "I never worked for Mr. Mattox." And Mike Grate said that he was "in the landscaping business with Sam White and Dan Gill." And "I never had any dealings with Mr. Mattox. I never worked for Mr. Mattox."

Defendant, Zeb Mattox, examined adversely, testified: "I am the person from whom Sam White got the tractor. It was a Ford tractor . . . I leased it to him on a rental basis of one hundred dollars a week. There was no sale of the tractor to Sam White . . . I did not sell him the tractor . . . Sam was the only one I did business with." Then as to the truck, this witness testified substantially as did the other defendants,— giving the circumstances under which he let Sam White have the truck for one day.

Plaintiff also offered the testimony of another witness, tending to show that in May, 1949, the fair market value of a Ford tractor like the Mattox tractor was $1,300 or $1,400; and that the reasonable rental value was $30 to $35 a week.

At the close of plaintiff's evidence motion of defendant Mattox for judgment as of nonsuit was allowed, and from judgment in accordance therewith plaintiff appeals to Supreme Court and assigns error.

*Elbert E. Foster, Richard M. Welling, and Robert D. Potter for plaintiff, appellant.*

*Tillett, Campbell, Craighill & Rendleman and McDougle, Ervin, Horack & Snepp for defendant, appellee.*

WINBORNE, J. This is the pivotal question on this appeal: Is the evidence elicited and offered by plaintiff as shown in the record of the case on appeal, taken in the light most favorable to her, as we must do in considering a motion for judgment as in case of nonsuit, sufficient to take the case to the jury upon an issue as to the existence of a partnership between defendant Dan Gill and defendant Zeb Mattox at the time of, and in respect to the operation by Gill of the truck of Mattox which struck and injured plaintiff as alleged in the complaint?

The ruling of the trial judge in granting the motion of defendant Mattox for judgment as of nonsuit furnishes a negative answer. And after careful consideration of the evidence, in such light, the opinion of this Court is accordant therewith.

At common law the liability of members of a partnership for a tort committed in the course of its business is joint and several. *Hall v.*

*Younts,* 87 N.C. 285; *Mode v. Penland,* 93 N.C. 292. Annotations 175 A.L.R. 1310. See also *Dwiggins v. Bus Co.,* 230 N.C. 234, 52 S.E. 2d 892.

And the common law rule of joint and several liability of partners for a tort committed by one of the members of the partnership is incorporated in the Uniform Partnership Act, adopted by the General Assembly of this State. See P.L. 1941, Chap. 374, now Article 2 of Chap. 59 of the General Statutes.

This Uniform Partnership Act declares that every partner is an agent of the partnership for the purposes of its business, and the act of every partner for apparently carrying on in the usual way the business of the partnership of which he is a member ordinarily binds the partnership, G.S. 59-39; that where by any wrongful act or omission of any partner acting in the ordinary course of the business of the partnership or with the authority of his co-partners, loss or injury is caused to any person, not being a partner in the partnership, or any penalty is incurred, the partnership is liable therefor to the same extent as the partner so acting or omitting to act, G.S. 59-43; and that all partners are liable jointly and severally for everything chargeable to the partnership under G.S. 59-43. See *Dwiggins v. Bus Co., supra.*

Therefore, if defendants Gill and Mattox were partners, and plaintiff suffered injury by the wrongful act or omission of Gill acting in the ordinary course of the business of the partnership, or with the authority of his co-partners, Mattox, as a partner, would be liable jointly and severally therefor.

In this connection, the Uniform Partnership Act defines a partnership as "an association of two or more persons to carry on as co-owners a business for profit." G.S. 59-36 (1). See also *Dwiggins v. Bus Co., supra; McGurk v. Moore,* 234 N.C. 248, 67 S.E. 2d 53.

The Uniform Partnership Act further provides that in determining whether a partnership exists, these rules apply: G.S. 59-37 . . . (3) "The sharing of gross returns does not of itself establish a partnership, whether or not the persons sharing them have a joint or common right or interest in any property from which the returns are derived." (4) "The receipt by a person of a share of the profits of a business is *prima facie* evidence that he is a partner in the business, but no such inference shall be drawn if such profits were received in payment: (a) As a debt by installments or otherwise, (b) As wages to an employee or rent to a landlord . . ., (e) As the consideration for the sale of a good will of a business or other property by installments or otherwise." G.S. 59-37 (3) (4) (a) (b) (e), as applied in *McGurk v. Moore, supra.* Compare *Eggleston v. Eggleston,* 228 N.C. 668, 47 S.E. 2d 243.

"To make a partnership, two or more persons should combine their 'property, effects, labor, or skill' in a common business or venture, and

under an agreement to share the profits and losses in equal or specified proportions, and constituting each member an agent of the others in matters appertaining to the partnership and within the scope of its business." This definition given by *Hoke, J.*, in the case of *Gorham v. Cotton,* 174 N.C. 727, 94 S.E. 450, as containing the substantive features of definition of the term is approved and applied in numerous cases in this State, as in *Fertilizer Co. v. Reams,* 105 N.C. 283, 11 S.E. 467, and *Mauney v. Coit,* 86 N.C. 464. See also *Rothrock v. Naylor,* 223 N.C. 782, 28 S.E. 2d 572.

However, the principle is well settled in this State that "while an agreement to share profits, as such, is one of the tests of a partnership, an agreement to receive part of the profits for his services and attention, as a means only of ascertaining the compensation, does not create a partnership." *Kootz v. Tuvian,* 118 N.C. 393, 24 S.E. 776. See also *Rothrock v. Naylor, supra,* and cases there cited.

Also in this State it is provided by statute, G.S. 42-1, that "No lessor of property, merely by reason that he is to receive as rent or compensation for its use a share of the proceeds or net profits of the business in which it is employed, or any other uncertain consideration, shall be held a partner of the lessee." See *Perkins v. Langdon,* 231 N.C. 386, 57 S.E. 2d 407, and cases cited.

In the present case, if it be conceded that defendants Sam White, Dan Gill and Mike Grate were partners in the business of yard landscaping, as to which the evidence is not clear, and that the tractor was acquired for use in this business, the evidence relating to the transaction between Sam White and defendant Zeb Mattox, as to the tractor, tends to show that the tractor was either sold by Mattox to White for "ten hundred dollars," payable one hundred dollars per week, or that it was leased by Mattox to White on rental basis of one hundred dollars per week. And though it appears that the money White paid to Mattox was money received by White from the landscaping business, no inference arises therefrom that Mattox was a partner in the business. This is true under the provisions of the Uniform Partnership Act above quoted, whether the transaction as to the tractor be a sale or a lease. And the evidence offered is not susceptible of the inference that Mattox was a partner in the landscaping business with Sam White, Dan Gill and Mike Grate, or with either of them. Nor may such inference arise upon the evidence as to the rental value of a tractor of the kind in question.

And as to the truck here involved, all the evidence tends to show that it was merely borrowed by White from Mattox, and used in White's landscaping business. This is not sufficient to create an inference that Mattox thereby became a partner in the business.

Hence the judgment from which appeal is taken is

Affirmed.