STATE OF NORTH CAROLINA ON RELATIONSHIP OF THE EMPLOYMENT SECURITY COMMISSION OF NORTH CAROLINA v. W. B. SIMPSON, ROUTE #2, ASHEVILLE, NORTH CAROLINA, EMPLOYER, No. 24-11-059.

(Filed 30 September, 1953.)

1. **Master and Servant § 62—**

　　Findings of fact by the Employment Security Commission in a hearing before it are conclusive upon review when supported by any competent evidence.

2. **Master and Servant § 59b—**

　　Evidence that a municipal corporation sold certain standing timber to defendant at a stipulated price per thousand board feet and that in connection with the purchase, defendant agreed to remove all sawdust, to keep the bushes down and to pile no brush on the premises of the corporation, *is held* to support the finding of the Employment Security Commission that the defendant was not in the employ of the municipal corporation.

APPEAL by defendant from *McLean, Special J.,* at February "A," Mixed Term 1953 of BUNCOMBE. Affirmed.

This was a proceeding under the Employment Security Law, Ch. 96 G.S. to determine if W. B. Simpson was an employer during the years 1949, 1950 and 1951 within the meaning of G.S. 96-8 (f) 1; and, if so,

the amount of contributions upon wages paid his employees during those years he should have paid to the Employment Security Commission, and to collect said indebtedness.

In accord with the procedure prescribed by the Act a hearing was held 24 July 1951 in Asheville before R. B. Billings, Deputy Commissioner, and another hearing 7 November 1951 before Henry E. Kendall, Chairman of the Employment Security Commission, in Raleigh. The Commission, by Kendall, its chairman, rendered an opinion in the proceeding 16 May 1952, finding the facts, and determining these questions of law: 1. That W. B. Simpson was an employer during the years 1949, 1950 and 1951 within the meaning of G.S. 96-8 (f) 1; 2. That W. J. Simpson and H. L. Simpson were employees during that time of W. B. Simpson; and 3. That R. L. Huntsinger, J. M. Williams and W. R. Birmingham during said time were not employees of the defendant, but were independent contractors. The Commission ordered and adjudged: 1. That W. B. Simpson during the years 1949, 1950 and 1951 was a covered employer within the meaning of the Employment Security Law of the State, and that he shall report, and pay contributions upon wages paid his employees during said years; 2. That W. B. Simpson is indebted to the State Employment Security Commission for the years 1949, 1950 and the first three quarters of 1951 in the sum of $1,016.69 with interest; 3. That W. B. Simpson shall remain a covered employer unless coverage is terminated as provided by law.

On 25 May 1952, W. B. Simpson objected and excepted to each and every ruling and finding of the Commission and appealed to the Full Commission. On 22 May 1952, W. B. Simpson objected and excepted to the following findings of facts by the Commission for that said findings are not supported by any competent evidence: part of finding of facts No. 4, all of findings of facts No. 5, No. 6, No. 7, No. 8, No. 11, No. 12 and part of finding of facts No. 13. The defendant also objected and excepted to the Commission's determination of questions of law Nos. 1 and 2, and to the order of the court. On 22 August 1952, the Full Commission overruled all exceptions of the defendant to the opinion and order contained in Opinion 862 of the Employment Security Commission, and affirmed the opinion of Kendall, Chairman, ordering it to be the final decision and opinion of the Full Commission.

On 25 August 1952, W. B. Simpson excepted to the Full Commission overruling his exceptions, assigned as error the signing of the order and every ruling therein contained and the failure of the Full Commission to sustain all his exceptions, and appealed to the Superior Court.

In the Superior Court the opinion of the Full Commission was affirmed in all respects.

Defendant appealed to this Court, assigning error.

*W. D. Holoman, R. B. Overton, and D. G. Ball for Employment Commission of North Carolina, appellee.*
*Cecil C. Jackson for defendant, appellant.*

PARKER, J.    The defendant's assignments of errors Nos. 1 to 8, both inclusive, are to the rulings of the Superior Court in sustaining an order of the Full Commission overruling his exceptions to the findings of facts contained in Opinion No. 862 of the Employment Security Commission as follows: part of finding of facts No. 4; all of findings of facts Nos. 5, 6, 7, 8, 11, 12 and most of finding of facts No. 13, which findings of facts were affirmed by the full Commission.    A careful reading of the evidence in the record discloses that there is competent evidence to support each and every finding of fact by the Commission, to which the defendant excepts, and assigns as error.    Such findings of facts by the Commission are conclusive upon review, and the defendant's Assignments of Errors, Nos. 1 to 8, both inclusive, are overruled.    G.S. 96-4 (m) ; *S. v. Roberts,* 230 N.C. 262, 52 S.E. 2d 890; *S. v. Distributing Co., ibid.,* 464, 53 S.E. 2d 674; *S. v. Monsees,* 234 N.C. 69, 65 S.E. 2d 887.

The defendant's Assignment of Error No. 9 is to the ruling of the Superior Court in sustaining an order of the full Commission overruling his exception No. 9 to the Employment Security Commission's determination of question of law No. 1 contained in Opinion 862, and affirmed by the full Commission.    The ruling of the Superior Court is correct for it is based on the Employment Security Statute.    G.S. 96-8 (e) and G.S. 96-8 (f).    This assignment of error is untenable.

The defendant's Assignment of Error No. 10 is to the ruling of the Superior Court in sustaining an order of the full Commission overruling his exception No. 10 to the Employment Security Commission's determination of Question of Law No. 2 contained in Opinion 862, and affirmed by the full Commission.    The determination of Question of Law No. 2 is in accord with our decisions, and this assignment of error is overruled. *Wilkinson v. Coppersmith,* 218 N.C. 173, 10 S.E. 2d 670; *Rothrock v. Naylor,* 223 N.C. 782, 28 S.E. 2d 572; *Johnson v. Gill,* 235 N.C. 40, 68 S.E. 2d 788.

The defendant's Assignments of Errors Nos. 11, 12 and 13 are without merit, and are overruled.

The defendant in his brief contends that he was an employee of the Biltmore Forest Company; that such company is a municipal corporation and that the term "employment" under the Employment Security Law, G.S. 96-8 (7) (A), does not include him.    The Commission's Finding of Facts No. 3, to which the defendant has not filed an exception and assignment of error, are in part as follows: "W. B. Simpson entered into a purchase agreement whereby the Biltmore Forest Company sold to him

certain standing timber at a price of $20.00 per thousand board feet measure"; that in connection with the purchase of the timber the defendant agreed to remove all sawdust, to keep brushes cut down, to pile no brush on the premises of the Biltmore Forest Company. There was competent evidence to support this finding of facts which is binding on us, and according to this finding of facts the defendant was not in the employ of the Biltmore Forest Company. In fact, there is no competent evidence in the record upon which the Commission could have found that the defendant was in the employ of the Biltmore Forest Company in cutting this timber. This contention of the defendant is not tenable.

The defendant in his brief cites only one case, *S. v. Monsees, supra,* which does not support his contentions. The judgment of the Superior Court is

Affirmed.